# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| DIANNA BELL | CASE NO. 5:19-CV-00994 |
| VERSUS | MAG. JUDGE KAREN L. HAYES |
| DOLGENCORP, L. L. C. | |

## MEMORANDUM RULING

Before the Court is a motion to remand [doc. # 17] filed by plaintiff Dianna Bell. The motion is opposed. [doc. # 19]. For reasons set forth below, the motion [doc. # 17] is GRANTED.

## Background

On March 15, 2019, Dianna Bell filed the instant petition for damages against defendants, Dolgencorp, L.L.C.; Dollar General Corporation; and TLT&J Enterprises, L.L.C., in the 11th Judicial District Court for the Parish of Sabine, State of Louisiana. *See* Petition. Bell alleged that on March 27, 2018, she was shopping at the Dollar General Store in Zwolle, Louisiana, when she slipped/tripped and fell because of merchandise and/or items on the floor. *Id.*, ¶¶ 3-4.

On, or about April 22, 2019, DG Louisiana, L.L.C. ("DG-LA") filed an answer to the suit whereby it effectively substituted itself as defendant in lieu of the "incorrectly sued" Dolgencorp, L.L.C. and Dollar General Corporation. (Answer; Notice of Removal, Exh. B). On May 16, 2019, on joint motion of plaintiff and DG-LA, the state court formally dismissed defendants, Dolgencorp, L.L.C.; Dollar General Corporation; and TLT&J Enterprises, L.L.C. [doc. # 6-1].

On July 31, 2019, the lone remaining defendant, DG-LA, removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). On September 5, 2019, the court reviewed the record and noted that DG-LA had failed to properly allege the citizenship of its member(s). (Sept. 5, 2019, Order [doc. # 7]). Accordingly, the court granted defendant leave to file an amended notice of removal to establish diversity jurisdiction. On September 10, 2019, DG-LA filed an amended notice of removal, which established that plaintiff was a Louisiana citizen and that DG-LA was

a limited liability company comprised of one member that was a Tennessee corporation, with its principal place of business in said state. (Amend. Notice of Removal [doc. # 8]). Accordingly, at the time of removal, the parties were completely diverse.

Furthermore, in the absence of a timely challenge by plaintiff to the court's jurisdiction, the undersigned accepted defendant's allegation regarding amount in controversy, but noted that the finding was preliminary, and subject to reconsideration either sua sponte or by motion. *See* E-Jur. Review Finding [doc. # 9]. Indeed, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553 (2014).

On October 3, 2019, with the consent of all parties, the District Court referred this matter to the undersigned magistrate judge for the conduct of all further proceedings and the entry of judgment, 28 U.S.C. § 636(c). [doc. # 13].

On October 31, 2019, plaintiff filed the instant motion to remand for lack of subject matter jurisdiction on the basis that the amount in controversy does not exceed the jurisdictional minimum. 28 U.S.C. § 1447(c). In conjunction with her motion, plaintiff's attorney signed a "binding" stipulation on plaintiff's behalf stating that "[t]he damages she has suffered, and the amount in controversy in this matter does not exceed $75,000 excluding interest and cost." (Pl. Stipulation; M/Remand, Exh.). The stipulation also released defendant "from any and all damages and claim for other matters which arguably would create an amount in controversy in excess of $75,000.00 exclusive of interest and cost." *Id*.

Defendant filed its opposition to remand on November 21, 2019. [doc. # 19]. Plaintiff did not file a reply, and the time to do so has lapsed. *See* Notice of Motion Setting [doc. # 18].

### **Law and Analysis**

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas.*

*Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). The removal statutes are strictly construed in favor of remand. *Manguno, supra*.

In this case, DG-LA invoked the court's subject matter jurisdiction via diversity, which requires complete diversity of citizenship between plaintiff and defendant, and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Plaintiff does not dispute that the parties are completely diverse; rather, she contests that the amount in controversy exceeds $75,000.

Pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), the removal statute now specifies that

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
> **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks—
>
>     \*        \*        \*
>
> **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded . . .

28 U.S.C. § 1446(c)(2)(A)(ii).

In Louisiana state court cases, plaintiffs are prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893 (as amended by Acts 2004, No. 334).[1] Thus, the removing defendant must assert the amount in controversy in the notice of removal, which "should be

---

[1] Albeit, plaintiffs are required to allege when their damages are insufficient to support federal jurisdiction. La. Code Civ. P. Art. 893A. However, courts have recognized that a party cannot create federal jurisdiction by omission, which is just as likely the result of inadvertence, rather than by design. *See e.g.*, *Lilly v. Big E Drilling Co.*, Civ Action No. 07-1099, 2007 WL 2407254 (W.D. La. Aug. 20, 2007).

accepted when not contested by the plaintiff or questioned by the court." *Dart, supra.* Here, of course, plaintiff *does* challenge defendant's amount in controversy allegation, thereby triggering the requirement for both sides to submit proof and for the court to decide by a preponderance of the evidence whether the amount-in-controversy requirement has been satisfied. *Id.*

To satisfy the preponderance standard, the removing defendant[s] may support federal jurisdiction "in either of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000 or (2) by setting forth *the facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir.2002) (citations and internal quotation marks omitted); *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). Removal cannot be supported by conclusory allegations, *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 n.7 (5th Cir. 1999), and "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno, supra.* Moreover, defendant must do more than assert that a state law *might* allow a plaintiff to recover more than what is pled; defendant must set forth evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

If defendant establishes by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount, remand is proper only if the plaintiff then "demonstrate[s] to a legal certainty that [she] can not recover more than the jurisdictional amount." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009). Plaintiff's "legal certainty" obligation may be satisfied, *inter alia*, if she files a binding stipulation or affidavit. *De Aguilar, supra.*

A court may consider post-removal affidavits as long as the amount in controversy at the time of removal was ambiguous and the affidavit/stipulation relates to the amount in controversy at the time of

4

removal.[2]  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).   Thus, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."  *Gebbia, supra* (citations omitted).

## Discussion

Here, plaintiff alleged in her petition that, as a result of her trip and fall, she suffered the following injuries:   "1) Injury to the lumbar spine; 2) Injuries which have aggravated previously operated low back fusion surgery; 3) Injury to the muscles, discs and supporting structures of the lumbar spine." (Petition, ¶ 6).   She concomitantly sought recovery for the following damages:   "1) Pain, suffering and anguish, both physical and mental, to include past, present and future; 2) Medical expenses; 3) Loss of ability to engage in normal activities and endeavors."  *Id.*, ¶ 7.

Defendant conceded in its notice of removal that it was not facially apparent from the petition that the amount in controversy exceeded $75,000.   (Notice of Removal, ¶ 23).   Accordingly, defendant propounded discovery, including interrogatories and requests for production.   On July 1, 2019, plaintiff served defendant with her responses.  *Id.*, ¶ 8.   In her answers to interrogatories, plaintiff agreed that her damages exceeded $50,000, and that she still was receiving treatment for her injuries.   (Ans. to Interr. Nos. 23 & 10; Notice of Removal, Exh. C).

In further support of removal, defendant adduced some of plaintiff's medical records that it had received in discovery.   For example, an April 5, 2018, progress note from Dr. Leggio indicated that plaintiff had fallen one week earlier and hurt her back and head.   (Notice of Removal, Exh. D).   She had

---

[2] When resolving a motion to remand, it is axiomatic that courts look at jurisdictional facts as they existed when the case was removed.  *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F. 2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) (*"ANPAC"*).

experienced throbbing headaches since the fall. *Id*. She also was feeling down and depressed. *Id*. Dr. Leggio diagnosed history of recent fall, bilateral headaches, and anxiety. *Id*.

Plaintiff returned to Dr. Leggio three weeks later on April 27, 2018. At that time, she had left low back, hip, and leg pain with spasms. *Id*. She reported that her current medication was not helping with her pains. *Id*. Upon examination, she had limited range of motion of the left hip due to pain, and decreased range of motion of the lumbo-sacral spine because of pain and lumbar tenderness. *Id*. Dr. Leggio diagnosed anxiety, left hip pain, and joint pain in the left pelvic region and thigh. *Id*. He prescribed Ibuprofen for her physical pain. *Id*. An x-ray of the left hip showed incompletely healed fractures of the bilateral superior and inferior rami. *Id*.

On October 3, 2018, i.e., almost seven months after the accident, plaintiff saw Dr. Traina with complaints of knee pain associated with a gradual and insidious onset for the past three weeks. (Notice of Removal, Exh. E). She described the knee pain as radiating, worsening, aching, and progressive, associated with radiation to the hip, ankle, knee giving way, stiffness, gait instability, and weakness. *Id*. She described her knee pain as an eight on a ten-point scale. *Id*. She related no pertinent history. *Id*. Dr. Traina suggested that the knee pain was secondary to arthritis in the joints, and administered an intra-articular injection to the right knee. *Id*.

Plaintiff returned to Dr. Traina on October 11, 2018, for her right knee pain. *Id*. Her pain had decreased to a five on a ten-point scale. *Id*. A right knee x-ray showed a well-healed fracture and arthritis. *Id*. Dr. Traina stated that he would send plaintiff to physical therapy for her right knee. *Id*. In response to plaintiff's request for narcotics, Dr. Traina stated that he would refer her to Dr. Fairbanks for pain management. *Id*. Traina reiterated that x-rays of her knee showed arthritis medially. *Id*. He intended to aggressively treat the arthritis. *Id*. He further noted that she did not have any neurogenic pain from the "crush injury when she had a fracture." *Id*.

In addition to plaintiff's specifically alleged damages limited to her lumbar spine, defendant points to the medical records that document headaches and right knee pain. The headaches, however,

were mentioned but once in the records shortly after the accident, and never documented again. Moreover, the right knee pain did not manifest itself until over six months after the accident and was attributed to arthritis. Relatedly, plaintiff did not claim in her petition any injuries to her head or right knee as a result of the accident. Furthermore, although other medical records apparently exist, defendant did not adduce these records to show ongoing lumbar symptoms.

In further support of removal, defendant cited three Louisiana state court decisions where each plaintiff received general damages well into six digits. *See* Notice of Removal, ¶ 13. In each of those decisions, however, the plaintiffs had received recommendations for surgery. Here, in contrast, there is no indication that plaintiff has received a recommendation for surgery. Therefore, the decisions cited by defendant are inapposite.

In sum, after further review, the court is not persuaded that defendant has established by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. This finding is buttressed by defendant's statement that on July 8, 2019 -- following receipt of plaintiff's medical records -- it propounded a request for admission to plaintiff asking her to admit that the amount in controversy did not exceed $75,000. (Notice of Removal, ¶ 9). In other words, even after receipt of plaintiff's medical records, defendant still harbored doubts concerning whether the amount in controversy was satisfied. Nevertheless, defendant proceeded to remove the suit to federal court before it received plaintiff's response.

Because the amount in controversy was no more than ambiguous at the time of removal, the court is permitted to consider plaintiff's post-removal stipulation. Defendant, however, takes issue with the sufficiency of the stipulation, and complains that it neither released any claim in excess of $75,000, nor was it signed by plaintiff. However, "[a] declaration made by a party's attorney or mandatary has the same effect as one made by the party himself." (Revision Comment (b) to La. Civ. Code Art. 1853). Furthermore, the plaintiff's stipulation constitutes a binding waiver. *See* La. Civ. Code Art. 1853; *In re 1994 Exxon Chem. Fire, supra*; *Griffin v. Georgia Gulf Lake Charles, LLC*, 562 F.Supp.2d 775, 779

7

(W.D. La.2008).

## Conclusion

In sum, plaintiff's petition did not support diversity jurisdiction on its face, nor did removing defendant allege or aver additional facts that would support federal jurisdiction. *See Simon, supra.* Furthermore, plaintiff filed a binding affidavit which waived her right to recover damages in excess of $75,000, exclusive of interest and costs. Accordingly, the court lacks subject matter jurisdiction and remand is required. 28 U.S.C. § 1447(c).[3] For these reasons,

IT IS ORDERED that plaintiff's motion to remand [doc. # 20] is GRANTED. Remand will be entered via separate judgment.

In Chambers, at Monroe, Louisiana, this 20th day of December 2019.

                                                KAREN L. HAYES
                                                UNITED STATES MAGISTRATE JUDGE

---

[3] Of course, if, at a later date, it should become "unequivocally clear and certain" that the amount in controversy does exceed $75,000, then defendant may seek to re-remove this matter to federal court, subject to the limitations codified in 28 U.S.C. § 1446(c)(1). *See Capturion Network, LLC v. Daktronics, Inc.*, 2009 WL 1515026, *8 n5 (S.D. Miss. May 29, 2009). For a discussion on what it takes to meet the "unequivocally clear and certain" standard, at least before this court, *see Jenkins v. Wal-Mart*, No. 12-0880 (W.D. La. [doc. # 13]).